UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————————————————x

ELVIRA VEKSLER,                                    Civ. No.

       Plaintiff,

    -against-                                **VERIFIED COMPLAINT**

WIPRO, LLC,                                        Jury Trial Demanded

       Defendant.

—————————————————————————————————————x

Plaintiff ELVIRA VEKSLER, by and through her undersigned counsel, for her Complaint against the above-captioned defendant, alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for unlawful invasion of privacy by defendant, which took over control of Plaintiff's personal laptop computer and inserted software without her knowledge and consent. Defendant then locked Plaintiff out of her own personal computer for at least a nine (9) day period, during which time she was unable to work or to conduct any job interviews.

## THE PARTIES

2.     Plaintiff Elvira Veksler, a resident of New York County, is a Content Writer and Producer who, during the relevant time period, worked for Creative Circle, an employment agency based in Manhattan that places freelance workers such as Plaintiff with various companies on a temporary assignment basis.

3. Defendant WIPRO, LLC ("WIPRO") is a Delaware corporation registered to do business in New York that provides information technology, consulting and business process services. It has offices located at 1114 Avenue of the Americas, Suite 3030, New York, New York.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331in that defendants' actions violated the implied right of privacy under the U.S. Constitution, as well as the provisions of the Electronic Communications Privacy Act, *18 U.S.C. § 2510* ("ECPA"), and the Stored Communications Act, *18 U.S.C. §2707* ("SCA"),

5. This Court also has subject matter and personal jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims brought under the common law and laws of the State of New York.

7. Venue is proper in this Court because Plaintiff and defendant do business in this District, and the acts complained of occurred within this District.

## FACTUAL BACKGROUND

8. During the time period from approximately July 16, 2021 to November 21, 2021, Plaintiff worked as a Content Writer on assignment to defendant WIPRO. Her work was directed by WIRPO, and she was paid by Creative Circle.

9. Plaintiff used her personal laptop and worked remotely from home while working for defendant WIPRO.

2

10.    Without Plaintiff's knowledge or consent, WIPRO installed a software program onto Plaintiff's personal laptop without advising her that defendant was doing so, and without asking for her consent.

11    When Plaintiff's assignment with WIPRO ended, the defendant continued in its failure to inform her of its presence on her personal laptop.

12.    On or about February 7, 2022, Plaintiff lost access to her personal laptop, which was password protected, and a pop up screen appeared, stating, "This is a WIPRO Managed Device."

13.    Upon information and belief, the defendant's employees and/or agents had been monitoring her private email and other personal data on her laptop.

14.    Plaintiff immediately contacted WIPRO, demanding an explanation for this and seeking assistance in regaining access to her laptop.

15.    Defendant at first denied having improperly taken control of Plaintiff's laptop, but then assigned a technician to remove the software from her computer, which took several days.

16.    Plaintiff was unable to gain access to her laptop until approximately February 17, 2022.

17.    As a result, Plaintiff suffered serious damages, including being deprived of numerous working days, as well as interviews for potential job opportunities.

## COUNT I
**(Violations of the Electronic Communications Privacy Act, 18 U.S.C.§§ 2510-2511)**

18.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint as though fully set forth herein.

3

19.     The Electronic Communications Privacy Act, 18 U.S.C.§§ 2510-2511 ("ECPA"), creates a civil cause of action against persons who "intercept" electronic communications. See *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 587 F. Supp. 2d 548 (S.D.N.Y. 2008).

20.     Defendant improperly intercepted Plaintiff's electronic communications in violation of the ECPA.

21.     As a direct and proximate result of said violations of the ECPA and invasion of Plaintiff's privacy, Plaintiff suffered monetary damages, as well as damages related to the emotional distress, extreme embarrassment and humiliation that she suffered, in an amount to be determined at trial.

## COUNT II

**(Violations of the Stored Communications Act, 18 U.S.C. § 2707)**

22.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint as though fully set forth herein.

23.     The Stored Communications Act *18 U.S.C. §2707* ("SCA"), which was enacted in 1986 as part of Electronic Communications Privacy Act, provides statutory privacy protection for customers of network service providers.  It generally prohibits the unauthorized acquisition, alteration or blocking of electronic communications while in electronic storage in a facility through which an electronic communications service is provided.

24.     Upon information and belief, Plaintiff's personal emails and other electronic communications were maintained in an electronic storage facility, which was improperly accessed by the defendant in violation of the SCA.

4

25.     As a direct and proximate result of said violations of the SCA and invasion of Plaintiff's privacy, Plaintiff suffered monetary damages, as well as damages related to the emotional distress, extreme embarrassment, and humiliation that she suffered, in an amount to be determined at trial.

.

## COUNT III

### (Violations of the Right to Privacy Under the U.S. Constitution)

26.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint as though fully set forth herein.

27.     The Ninth Amendment to the U.S. Constitution and other provisions therein give rise to an implied right to privacy, including the right to the privacy of one's own emails and other electronic data.

28.     Defendant violated Plaintiff's implied right of privacy by accessing her emails and other personal stored data on her laptop and electronic storage facility without her knowledge or consent.

29.     As a direct and proximate result of said violations of Plaintiff's constitutional right of privacy, Plaintiff suffered monetary damages, as well as damages related to the emotional distress, extreme embarrassment, and humiliation that she suffered, in an amount to be determined at trial.

### JURY TRIAL DEMANDED

30.     Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff demands judgment against the Defendant on Counts I, II and III, awarding actual compensatory and punitive damages in an amount to be determined at trial, plus attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      July 18 2022

McCALLION & ASSOCIATES LLP

_____
Kenneth F. McCallion
Attorneys for Plaintiff
100 Park Avenue – 16th floor
New York, New York 10017
(646) 366-0884

## VERIFICATION

ELVIRA VEKSLER, affirms as follows under penalties of perjury:

1.    I am the plaintiff in the above captioned action, and am fully familiar with the facts and circumstances of this case.

2.    I have read the foregoing Complaint and find its contents to be true and correct, except as to matters alleged upon information and belief, and as to those matters I believe them to be true and correct.

Dated: New York, New York
    July 18, 2022

ELVIRA VEKSLER