UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

ELVIRA VEKSLER,

          Plaintiff,

-against-

WIPRO, LLC,

          Defendant.

------------------------------------------------------- X

INDEX NO. 1:22-cv-06118-JPO

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is considers to constitute confidential research, development, financial, technical or commercial information or other information the Receiving Party would not have access to but for this lawsuit ("Confidential Information").

   a. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, all information

or material produced for or disclosed to a Receiving Party that a Designating Party, including any Party and any Non-Party producing information or material voluntarily or pursuant to a subpoena or court order, reasonably and in good faith considers to constitute confidential research, development, financial, technical or commercial information or other information the Receiving Party would not have access to but for this lawsuit. Such material shall include non-public information to which the Producing Party's employees have only limited access, and/or information, the dissemination or disclosure of which would present a real or potential economic threat to the Producing Party.

b. <u>"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive "CONFIDENTIAL" information or items representing material comprising or containing competitively sensitive information that could be used by the Receiving Party to obtain a business (not legal) advantage over the Producing Party, including, but not limited to, trade secrets; sensitive and/or non-public technical or financial information; documents disclosing the past, present, or intended design, development, configuration, materials, manufacture, testing or trial, and the results of such testing or trials of the products of any Party; and/or actual or expected costs, expenses, profits, or revenues associated with the products of any Party; documents or information related to damages (e.g., sales numbers or profit margins); or documents or information related to pending and not yet published patent applications.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The receiving party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. The parties' insurers and reinsurers;

    e. Any other person agreed to in writing; and

    f. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Documents designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except:

    a. One principal of the receiving party;

    b. The requesting party's in-house counsel;

    c. Counsel of record for the receiving party;

    d. Employees of such counsel of record assigned to and necessary to assist in the litigation;

    e. Consultants or experts assisting in the prosecution or defense of the matter, to the

extent deemed necessary by counsel of record;

f.  The parties' insurers and reinsurers;

g.  Any other person agreed to in writing; and

h.  The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.  The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.  Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a.  Inform the person of the confidential nature of the information of documents;

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8.  All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

9.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information supplied by the parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted. However, it is understood that each party may retain a complete file of all litigation documents filed with the Court and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or

testimony designated as confidential will not be destroyed or deleted. This Stipulation shall not be interpreted in a manner that would violate any rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or their affiliate(s) in connection with any other matters.

14. The terms herein shall apply to any non-party from whom discovery is obtained in this action.

SO STIPULATED AND AGREED

Dated: July 28, 2023

_____
Counsel for Wipro, LLC

_____
Counsel for Elvira Veksler

SO ORDERED.

8/8/2023

_____
J. PAUL OETKEN
United States District Judge

-6-
4878-3270-3859.1

## EXHIBIT A

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Elvira Veksler v. Wipro, LLC* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20\_\_

_____          _____
Name (printed)                                              Signature

4878-3270-3859.1